**NOT FOR PUBLICATION**

```
             UNITED STATES DISTRICT COURT
                DISTRICT OF NEW JERSEY
```

DERRICK MADDOX,                :
                                       Civil Action No. 10-0039 (JBS)
        Petitioner,       :

        v.                :    **OPINION AND ORDER**

FEDERAL BUREAU OF PRISONS,     :

        Respondent.       :


**SIMANDLE**, District Judge

Petitioner, a federal prisoner confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted for filing to the Clerk of this Court a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  Petitioner is challenging the decision regarding his eligibility for transfer to a Residential Re-entry Center in advance of release.  The sole named respondent is the Federal Bureau of Prisons.

Among other things, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]."  See also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").  "[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to

produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Wales v. Whitney, 114 U.S. 5674, 574 (1885) (emphasis added).

> In accord with the statutory language and Wales' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement - "core challenges" - the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.

Rumsfeld v. Padilla, 542 U.S. 426, 434-436 (2004) (citations omitted).[1]

In the context of alien detainees, the Court of Appeals for the Third Circuit has held,

> It is the warden of the prison or the facility where the detainee is held that is considered the custodian for purposes of a habeas action. This is because it is the warden that has day-to-day control over the prisoner and who can produce the actual body. That the district director has the power to release the detainees does not alter our conclusion. Otherwise, the Attorney General of the United States could be considered the custodian of every alien and prisoner in custody because ultimately she controls the district directors and the prisons.

---

[1] In Padilla, the Supreme Court also noted (1) the open question whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation and (2) the implicit exception to the immediate custodian rule in the military context where an American citizen is detained outside the territorial jurisdiction of any district court. 542 U.S. at 435-36, n.8, 9.

Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994). See also Kholyavskiy v. Achim, 443 F.3d 946 (7th Cir. 2006) (citing Yi, and reaching same result, after Padilla).

Thus, under the circumstances of this case, the warden of the facility where the petitioner is held is an indispensable party respondent, for want of whose presence the petition must be dismissed.  Cf. Padilla, 542 U.S. at 441 ("when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release"); Chavez-Rivas v. Olsen, 194 F.Supp.2d 368 (D.N.J. 2002) (where an INS detainee properly files a habeas petition in the district where he is confined, and the INS subsequently transfers the petitioner to a facility outside that district, the United States Attorney General may be deemed a "custodian" to allow the original district court to retain jurisdiction).

Pursuant to 28 U.S.C. § 2241, United States district courts have power to issue writs of habeas corpus "within their respective jurisdictions."  See also Zadvydas v. Davis, 533 U.S. 678, 688 (2001) ("§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention").  Thus, the court issuing the writ must be able to exercise personal jurisdiction over the

custodian of the petitioner.  See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95, 500 (1973).

> The proviso that district courts may issue the writ only "within their respective jurisdictions" forms an important corollary to the immediate custodian rule in challenges to present physical custody under § 2241. Together they compose a simple rule that has been consistently applied in the lower courts, including in the context of military detentions: Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.

Padilla, 542 U.S. at 446-47 (citations and footnote omitted).[2]

A federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 34, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. § 2243.

It appearing that Petitioner has failed to name as a respondent an indispensable party, to wit, the warden of the facility in which he is confined;

---

[2] As a corollary to the exception to the immediate custodian rule for military personnel confined overseas, the Supreme Court has similarly relaxed the district-of-confinement rule when American citizens confined overseas (and thus outside the territory of any district court) have sought relief in habeas corpus.  Padilla, 542 U.S. at 447, n.16 (citing Braden, 410 U.S. at 498).

IT IS on this **13th** day of **January**, **2010**,

ORDERED that Petitioner may file an amended petition naming the warden of the facility in which he is confined as a party respondent within 20 days after the date this Order is entered; and it is further

ORDERED that if Petitioner does not file an amended petition within the above 20-day period, the Court will enter an Order dismissing the Petition without prejudice for failure to name an indispensable party.

**s/ Jerome B. Simandle**
Jerome B. Simandle
United States District Judge